```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
RAYMOND LEE
                              *
     Plaintiff,
                              *
v.                                    CIVIL NO.: WDQ-06-3409
                              *
NISSAN NORTH AMERICA, INC.,
                              *
     Defendant.
                              *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Raymond Lee has sued Nissan North America, Inc. ("NNA") for negligence, breach of express and implied warranties, and product manufacturing defects for physical injury and property damage sustained when his passenger car caught fire.  Pending are Lee's motions to: (1) remand (Paper No. 16), and (2) amend the Complaint or dismiss under Federal Rule of Civil Procedure ("Rule") 19(b) (Paper No. 22), as well as NNA's motion for leave to file a surreply (Paper No. 29).  For the following reasons, the case will be remanded.

I.   Background

Lee, a resident of Baltimore County, Maryland, alleges that in June 2000 he purchased a 2000 Nissan Altima (the "Altima"), manufactured by NNA, a California corporation with its principal place of business in Tennessee, from Nationwide Motor Sales

1

Corporation ("NMSC"), a Maryland corporation with its primary place of business in Timonium, Maryland.  Compl. ¶¶ 1-6; Def.'s Opp'n to Mot. to Amend. ("Def.'s Opp'n) 1.

On February 28, 2004, the Altima caught fire at Lee's home while he was cleaning the inside of the car's windows, causing him severe burns.  Compl. ¶¶ 7-9.

On July 26, 2006, Lee sued NNA and NMSC in the Circuit Court for Baltimore City (the "Circuit Court"), claiming: (Count I) negligence; (Count II) breach of implied warranty of merchantability under Md. Code Ann., Com. Law § 2-314; (Count III) breach of implied warranty of fitness for a particular use under Md. Code Ann., Com. Law § 2-315; (Count IV) breach of express warranty under Md. Code Ann., Com. Law § 2-313; and (Count V) strict products liability.

While the case was pending in state court, it became apparent that Lee had sued the wrong car dealer.  Pl.'s Reply to Def.'s Opp'n ("Pl.'s Reply") 2.  Realizing his error, Lee did not oppose NMSC's motion for summary judgment, which the Circuit Court granted on December 11, 2006.  Paper No. 11.  On December 20, having achieved complete diversity for federal jurisdiction under 28 U.S.C. § 1332, NNA filed its notice of removal to the District of Maryland.  Paper No. 13.

On January 3, 2006, Lee attempted to amend his complaint in the Circuit Court, seeking to join Tricaz LLC ("Tricaz"), a

2

Maryland limited liability company, as a defendant.  Lee alleges that, in 2000, Tricaz owned the dealership that sold him the Altima, Security Nissan, located at 1701 Woodlawn Drive in Woodlawn, Maryland.  Pl.'s Mot. to Amend, Prop. Amend. ¶ 3, Ex. 1 (Md. Dep't of Assessments and Taxation business entity information report for Tricaz).  On the same day, Lee filed the pending motion to remand, arguing that his *post hoc* joinder of Tricaz in the Circuit Court eliminated this Court's diversity jurisdiction.  Pl.'s Mot. to Remand 2.

Acknowledging NNA's counter-argument that his post-removal amendment in state court is ineffective, Lee subsequently filed the pending motion in this Court for leave to amend the Complaint to join Tricaz as a defendant.  Pl.'s Mot. to Amend 1.

II.  Discussion

A.  Lee's Motion to Amend

1.  Standard or Review

Rule 15(a) provides that a party seeking to amend his pleading after the adverse party has responded may do so "only by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).  Rule 15 directs that "leave shall be freely given when justice so requires."  *Id*.  "The law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has

3

been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted).

But when an amendment is sought to join a non-diverse party after a case has been removed for diversity of citizenship, 28 U.S.C. § 1447(e) governs the district court's action, and provides only two options: "the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *Mayes v. Rapoport,* 198 F.3d 457, 461-62 (4th Cir. 1999).

Although a court's consideration of compulsory joinder is generally governed by Rule 19, "[u]nder Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis."  *Mayes,* 198 F.3d at 462.  In deciding whether to permit a plaintiff to join a non-diverse defendant, and thus destroy diversity jurisdiction, "the district court, with input from the parties, should balance the equities," and:

> [is] entitled to consider all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Id.* at 462 (internal quotation marks omitted).  In *Mayes*, the Fourth Circuit advised that "careful scrutiny of attempts at

4

post-removal, non-diverse joinder protects the diverse defendant's interest in keeping the action in federal court." *Id*. at 463 (internal quotation marks omitted).  But it also cautioned that there are "other interests at stake when such a joinder is sought, including the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources."  *Id*. (internal quotation marks omitted).

2.  Analysis

NNA argues that the factors listed in *Mayes* favor denying Lee's request for joinder.  Lee's desire to return to state court is evident, and the proposed amendment is an obvious means of depriving this Court of jurisdiction.  Lee's post-removal request to join the correct in-state defendant, at least three weeks after NMSC was dismissed, if not intentionally dilatory, indicates a lack of diligence.  Lee has not shown that he would be significantly injured if joinder was denied, as he could pursue all his claims against NNA; and permitting joinder and remand would certainly go against NNA's interest in keeping the case in federal court.

But the factors listed in *Mayes* are not exhaustive, and the Court may exercise its discretion, considering "other factors bearing on the equities."  *Id*. at 462.  Most importantly, Lee has

produced evidence that Tricaz owned the dealership that sold him the Altima, so he could commence a parallel lawsuit in the Circuit Court should this Court deny his motion to amend. The federal and state courts' interests in avoiding the possibility of inconsistent judgments, and a certain waste of judicial resources, weighs heavily in favor of joinder and remand.

Furthermore, this is not the typical post-removal-joinder situation in which a plaintiff seeks to defeat diversity jurisdiction with new claims against a previously undisclosed defendant; rather, Lee seeks to join the in-state defendant he intended to sue in the first place, the Maryland dealership that sold him the Altima. But for Lee's factual error in identifying the correct dealership, this Court never would have gained subject-matter jurisdiction, and the case would have proceeded toward resolution in the Circuit Court. The balance of equities favors joinder and remand so that the case may proceed as it should have with the proper non-diverse parties in the Circuit Court. Accordingly, Lee's motion to amend will be granted, and the case will be remanded.

B.  Lee's Motion to Remand.

As the Court will remand the case pursuant to 28 U.S.C. § 1447(e), Lee's motion to remand will be granted.

6

C.  NNA's Motion for Leave to File a Surreply

NNA requests leave to file a surreply to respond to Lee's arguments based on *Schilling v. Northwestern Mutual Life Insurance Co.*, 423 F. Supp. 2d 513 (D. Md. 2006), introduced in his reply to NNA's opposition of his motion to amend.  Pl.'s Reply 5-6.

NNA's arguments regarding *Schilling* are unnecessary, as the Court's opinion in *Schilling* involved issues of federal-question jurisdiction under 28 U.S.C. § 1331, and is thus inapposite. Accordingly, NNA's motion for leave to file a surreply will be denied as moot.


III.  Conclusion

For the reasons stated above, Lee's motions to amend and to remand will be granted, the case will be remanded, and NNA's motion for leave to file a surreply will be denied as moot.


<u>April 2, 2007</u>                          <u>      /s/             </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge

7